# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | **No. ACM S32731 (f rev)** |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Tyrone GAMMAGE** | ) | |
| **Airman (E-2)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Panel 1** |

On 17 May 2022, Appellant was tried by a special court-martial at Francis E. Warren Air Force Base, Wyoming. In accordance with his pleas, and pursuant to a plea agreement, a military judge found Appellant guilty of one specification of failure to obey a lawful order, one specification of destruction of non-military property, two specifications of domestic violence, and one specification of disorderly conduct, in violation of Articles 92, 109, 128b, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 909, 928b, 934.[*]

On 5 May 2023, Appellant submitted his assignments of error brief in which he argued the record of trial is incomplete in that it is missing all eight attachments to Appellant's stipulation of fact, which was admitted as a prosecution exhibit during his court-martial. Specifically, Appellant stated that the following eight attachments were missing: (1) no contact order dated 10 January 2022; (2) CashApp payment screenshot; (3) CashApp payment screenshot; (4) dormitory hallway video; (5) photographs of MacBook and iPad; (6) photographs of CW's injuries; (7) photographs of CW's dormitory room; and (8) cellphone video from 24 January 2022.

On 30 May 2023, the Government submitted their answer to Appellant's brief, and concurred that the record of trial was missing all eight attachments to Appellant's stipulation of fact. Furthermore, the Government agreed that remand of the record of trial for correction under Rule for Courts-Martial (R.C.M.) 1112(d)(2) was appropriate.

On 5 June 2023, we remanded this case to correct the record of trial to the Chief Trial Judge, Air Force Trial Judiciary; specifically, to address the missing attachments to Appellant's stipulation of fact. *United States v. Gammage,*

---

[*] All references in this order to the UCMJ and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

No. ACM S32731, 2023 CCA LEXIS 240, at *2 (A.F. Ct. Crim. App. 5 Jun. 2023) (order). On 23 June 2023, Appellant's case was re-docketed with the court. On 18 August 2023, Appellate submitted another assignments of error brief and raised, *inter alia*, that the record of trial is again incomplete in that it is still missing four of ten photographs that were part of Attachment 6 to the stipulation of fact. On 25 September 2023, the Government submitted their answer to Appellant's brief and agreed that four photographs are missing.

Accordingly, it is by the court on this 29th day of September, 2023,

**ORDERED:**

The record of trial in Appellant's case is again returned to the Chief Trial Judge, Air Force Trial Judiciary, for correction under R.C.M. 1112(d) to account for the four missing photographs to Attachment 6 of the stipulation of fact, and any other portion of the record that is determined to be missing or defective hereafter, after consultation with the parties. *See* Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3); R.C.M. 1112(d)(2)–(3). Thereafter, the record of trial will be returned to this court for completion of its appellate review under Article 66(d), UCMJ, 10 U.S.C. § 866(d).

The record of trial will be returned to the court not later than **13 October 2023** unless a military judge or this court grants an enlargement of time for good cause shown. The Government will inform the court in writing not later than **10 October 2023** of the status of the Government's compliance with this order, unless the record of trial has already been returned to the court by that date.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court